*In re* PATRICIA KONCZAK, a Minor.—(NORB J. KONCZAK *et al.*, Respondents-Appellants, v. JANE BRYA, Petitioner-Appellee.)

Second District    No. 77-155

Opinion filed December 14, 1977.

Harvey Melinger, of Chicago, for appellants.

Janis W. Chapman, of Crystal Lake, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal by the adoptive parents of the minor respondent from an order granting temporary custody of the minor respondent to her natural mother. The issues we must decide are (1) whether the natural mother has standing to bring the petition for custody, and (2) whether the trial court erred in awarding custody to the natural mother.

The natural parents of the minor respondent, Patricia Konczak, were divorced in 1973. The father was given custody of Patricia and the other children born of the marriage. Both parents later remarried, and the father and his new wife adopted the children of his first marriage, including Patricia. Patricia was subsequently adjudicated a minor in need of supervision, was declared a ward of the court, and was placed in various foster homes.

The natural mother has since filed a petition requesting that she be given temporary custody of the minor respondent. At the hearing on that petition, the minor respondent, her present foster parent, and her

probation officer all testified in favor of granting custody to the natural mother. The court concluded that it would be in the best interest of the minor to be placed in the custody of the natural mother, and it so ordered.

The adoptive parents properly assert that all legal rights of the natural mother to the minor were terminated by the adoption. However, section 5—8(3) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—8(3)) provides that "* * * any person interested in the minor may apply to the court for a change in custody of the minor * * *." We must therefore determine whether the natural mother is a "person interested in the minor". We note that when the circuit court previously made its adjudication of wardship which placed the minor in foster care, a motion by the adoptive parents to exclude the natural mother as a person not interested in the minor was denied. By implication, therefore, the court found that the natural mother was an interested person. We agree with the decision of the trial court on this issue and conclude that the natural mother has standing under these facts to bring the petition for temporary custody.

Regarding the grant of custody to the natural mother, we note that the trial court did not allow certain testimony about the conduct and various prior acts of the natural mother in relation to the minor. The record shows that the questions which related to these areas were timely objected to, and the objections were generally properly sustained. We must take notice that the attorney for the adoptive parents was unable to be present in court on the day of the custody hearing, and that the father himself put on his case. It was the inability of the father to properly frame some of his questions that caused the objections to them to be sustained. However, objections to certain questions dealing with past acts of the natural mother were sustained with the observation that the court did not wish to consider "ancient history," and that the question was not reasonably related to the present.

■■ We believe that evidence of the prior relationship between the natural mother and the minor in the recent past, such as the grounds for the adoption, attempts by the natural mother to visit the minor with or without approval, and other recent orders or proceedings in the courts which may reasonably relate to the conduct of the parties and issues presently before the court, is relevant in determining whether it is in the best interest of the minor to be placed in the temporary custody of the natural mother. We hold that the trial court's failure to allow evidence of these prior acts and relationships was error, and this cause is remanded for further hearing to consider this and any other relevant evidence and thereafter for the entry of such order as the court deems proper.

The decision of the circuit court is accordingly reversed, and the cause

is remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded.

BOYLE and NASH, JJ., concur.